# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF OKLAHOMA

IN RE:                              )

                                         )

**CM HEAVY MACHINERY, LLC**       )       **CASE NO. 24-80617**

_____)

**KELLEY G. LOUD, TRUSTEE**      )

                                       )

**VS.**                               )       **ADVERSAY NO.**

                                       )

**CLINT MEADORS**                 )

## COMPLAINT

Kelley G. Loud, the duly appointed and acting Chapter 7 Trustee of the Estate of CM Heavy Machinery, LLC ("Trustee"), files this her Complaint against Clint Meadors for turnover of property of this Estate pursuant to 11 U.S.C. §542 and Bankruptcy Rule 7001. In support thereof, the Trustee would show the Court as follows:

## BACKGROUND AND FACTS

1.     Debtor filed his Voluntary Petition for Relief under Chapter 11 of the United States Bankruptcy Code on August 8, 2024. (the "Petition Date").

2.     The Chapter 11 case was converted to a case under Chapter 7 by the Order of this Court entered on June 27, 2025 [ECF No. 184].

3.     Kelley G. Loud is the duly appointed, qualified and acting Trustee of the Estate of CM Heavy Machinery, LLC ("Estate").

4.     Clint Meador ("Meador") is an individual and sole member of CM Heavy Machinery, LLC ("Debtor").

5.     Meador signed the Chapter 11 Petition as the President of Debtor.

6.     During the Chapter 11 proceeding, Meador was the Responsible Party for the Debtor in Possession and all assets of Debtor were within Meador's custody and control.

1

7.      On the Petition Date, property of the Estate included equipment and vehicles as set out on Debtor's Schedules A/B [ECF No. 22].

8.      Debtor purported to remove certain items of equipment and vehicles by the filing of its Amended Schedule A/B [ECF No. 47].  The Trustee has verified those items removed for which there is a certificate of title are, in fact, titled in the name of Debtor.  Thus, Debtor's removal of any items from Schedules A/B is without credibility.

9.      Upon information and belief, the following equipment and vehicles are property of the Estate that are not within the possession, custody, and control of the Trustee, but in the possession, custody, and control of Meador:

**2021 Trail King McCormick MCL51 Attachment Loader**
**2013 Trail King XL22MB Attachment-XL Spreader**
**2002 Komatsu D61-PX Dozer**
**2018 Komatsu D65PX-18 Dozer**
**2018 Komatsu D65PX-18 Dozer**
**2018 Komatsu D85PX-18 Dozer**
**1981 Caterpillar D6D Dozer**
**2017 Caterpillar 323FL Excavator**
**2010 Komatsu PC270LC-8 Excavator**
**2020 Komatsu GD655-6 Grader-Motor**
**2012 Case 821F Loader-Wheel**
**2013 Hotsy Powerwasher**
**2018 Hamm H121 Roller**
**2019 Kubota SVL95 Skid Steer W/Bucket & Forks**
**2020 Kubota SVL95-2 Skid Steer W/Bucket & Forks**
**2021 McCormick X6 470 Tractor-X6 470**
**2000 Ford F650**
**2005 Dodge 3500 Truck**
**2019 Ford F550 Truck**
**2014 Ford F150 Truck**
**2019 Ford F350 Truck**
**2016 Trail Sport TRL-16 Enclosed Utility**
**2011 Horsecreek CH-18 Trailer-18" Car-Hauler Flatbed**
**2018 Friesen Bumper pull Trailer**
**1979 TRI Hay Trailer**
**1980 Fruehauf FBZ F2 Trailer**
**2008 MXT MC 8X10 Trailer Motorcycle**
**2018 Trail King TK110HDG Trailer Semi-Lowboy**

2

**2007 Peterbilt 379 Truck-Haul**

(collectively, "Estate Assets")

10. At the Meeting of Creditors on August 14, 2025 and the continued Meeting of Creditors on August 20, 2025, the Trustee inquired of Meadors regarding the location of each of the Estate Assets. Meadors was requested to cooperate with the Trustee regarding the turnover of the Estate Assets. Meadors refused to provide any information concerning the Estate Assets and has failed to cooperate with the Trustee.

11. At the continued Meeting of Creditors, the Trustee admonished Meadors and advised him that he was expressly unauthorized to possess or control the Estate Assets. Thus, Meadors is aware any possession and control of the Estate Assets by him is without the Trustee's authorization.

12. By his actions, Meadors continues to conceal the Estate Assets and unlawfully possess and control the Estate Assets.

13. The above listed items are property of the Bankruptcy Estate pursuant to 11 U.S.C. § 541(a)(1) and are not of inconsequential value.

**WHEREFORE**, the Trustee respectfully requests a Judgment directing Clint Meadors to turn over the Estate Assets to the Trustee so that same may be liquidated and the proceeds distributed to the creditors of this Estate.

Respectfully submitted:

 s/Kelley G. Loud
_____
Kelley G. Loud, OBA #15808
kloud@titushillis.com
TITUS HILLIS REYNOLDS LOVE
15 East Fifth Street, Suite 3700
Tulsa, Oklahoma  74103
(918) 587-6800  FAX: (918) 587-6822
*Attorney for Trustee*

3